IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| AHMED M. SALEH | § § § | |
| *Plaintiff,* | § § § | |
| VS. | § § | Civil Action No. _____ |
| WERNER ENTERPRISES, INC AND RICHARD THOMAS DEVON HOLLOWAY | § § § § § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, Ahmed M. Saleh, and files this his Original Complaint against Defendants, Werner Enterprises, Inc., and Richard Thomas Devon Holloway. In support thereof, Plaintiff would respectfully show the Court as follows:

## I.
## PARTIES

1.  Plaintiff, Ahmed M. Saleh, is a citizen of Michigan and resides in Dearborn, Michigan.

2.  Defendant, Werner Enterprises, Inc. ("Werner"), is a Nebraska corporation with its principal place of business in Omaha, Nebraska. As evidenced by the location of the crash described below, Werner conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profit from its business activities in Texas. Werner maintains terminal locations in various Texas counties, including Dallas County, El Paso County, and Webb County – the

county where the crash happened. Werner may be served for process by serving its Texas registered agent John Vidaurri located at 8601 Peterbilt Ave., Dallas, Texas 75241.

3. Defendant, Richard Thomas Devon Holloway (Defendant "Holloway"), was a citizen of North Carolina at the time of the subject crash. Defendant Holloway may be served for process by serving his home address of 187 Earle Franklin Dr., Hamlet, North Carolina 28345.

## II.
### VENUE AND JURISDICTION

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000.00 and the case and controversy is between citizens of different states.

6. This Court has personal jurisdiction over Defendants because they do business in Texas and have sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that the exercise of personal jurisdiction over it is proper. More specifically, the Court has specific personal jurisdiction over Defendants because Defendants have purposefully directed their activities toward the State of Texas, have purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas, and this lawsuit arises foreseeably from those purposeful activities. Further, Defendants' contacts with the State of Texas are related to the claims at issue in this lawsuit. Indeed, Defendants committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit arise directly out of or result from the Defendants' activities in the State of Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this

judicial district. Specifically, the crash giving rise to this lawsuit occurred in Webb County Texas.

## IV.
### BACKGROUND FACTS

8. On August 21, 2017, Plaintiff was driving a white, 2013 Freightliner Tractor-Trailer ("Plaintiff's Tractor") travelling southbound on the outside lane of Interstate Highway 35 ("I-35") in Webb County, Texas. At or around the same time, Defendant Werner, acting through its employee, agent, and/or contractor Defendant Holloway, pulled his 2016 Freightliner Tractor-Trailer ("Defendants' Tractor") to the shoulder of I-35 as he was having mechanical issues. Meanwhile, Plaintiff was traveling south on I-35 at a safe distance from a tractor-trailer that was in front of him, with no sight of Defendant's Tractor.

9. Shortly thereafter, Defendant Holloway, believing that his mechanical issue had been corrected, attempted to regain speed on the shoulder to merge back onto I-35. However, although unable to do so, Defendant Holloway decided to merge back onto the outside lane of I-35 at a low rate a speed while it was unsafe and while oncoming traffic was approaching. When doing so, the tractor-trailer that was immediately in front of Plaintiff's Tractor, suddenly and without warning swerved into the inside lane to avoid crashing into Defendants' Tractor. With no time to react and no ability to change lanes, Plaintiff slammed on his brakes and attempted to avoid crashing into Defendants' Tractor. Unfortunately, it was too late, and Plaintiff violently crashed into Defendants' Tractor which had unsafely merged into oncoming traffic. As a result of the crash, Plaintiff suffered severe and debilitating injuries.

10. At all times during the time of the crash, Defendant Holloway was in the course and scope of his employment with his employer Werner. As such, Defendant

Werner is liable for the acts and omissions of Defendant Holloway under the doctrine of respondeat superior. Alternatively, Defendant Holloway was the statutory employee of Defendant Werner pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq.*

## CAUSES OF ACTION AGAINST DEFENDANTS WERNER AND HOLLOWAY

### V.
### NEGLIGENCE AND VICARIOUS LIABILITY

11. Defendants Werner and Holloway committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

12. Defendants Werner and Holloway owed a duty to Plaintiff to exercise ordinary care. Defendants Werner and Holloway's acts or omissions of negligence include, without limitation, one or more of the following:

   (a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

   (b) Merging onto the highway when unsafe;

   (c) Failing to safely operate the subject tractor-trailer;

   (d) Failing to yield to oncoming traffic;

   (e) Failing to pay attention to attendant traffic and driving conditions;

   (f) making an unsafe lane change.

13. Defendant Werner is liable for Defendant Holloway's conduct under the doctrine of *respondeat superior*. Defendant Holloway was employed by Defendant Werner as its authorized agent, servant, and/or employee on the date in question. Defendant Werner is vicariously liable for Defendant Holloway's negligence because Defendant Holloway was acting in furtherance of the business of Defendant Werner at

the time of the collision and was in the course and scope of his employment or agency with Defendant Werner at the time of the collision.

14. Alternatively, Defendant Werner is vicariously liable as a matter of law for the negligence of Defendant Holloway because Defendant Holloway was a statutory employee of Defendant Werner pursuant to the Federal Motor Carrier Safety Regulations.

## DAMAGES

### VI.
### ACTUAL DAMAGES

15. As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

### VII.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

16. Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

### VIII.
### CONDITIONS PRECEDENT

17. All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

### IX.
### JURY DEMAND

18. Plaintiff requests a trial by jury and tender the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

**WATTS GUERRA, LLP**
4 Dominion Drive
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

By: _____
Mikal C. Watts
State Bar No. 20981820
mcwatts@wattsguerra.com

Francisco Guerra, IV.
State Bar No. 00796684
fguerra@wattsguerra.com

Jose G. "Joey" Gonzalez, Jr.
State Bar No. 24007247
jgonzalez@wattsguerra.com

Jorge L. Mares
State Bar No. 24087973
jmares@wattsguerra.com